## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIFFANY SNADON,

    Plaintiff,

          v.

SEW-EURODRIVE INC., JOSEPH TETZEL, JOHN DOE 2 and JOHN DOE 3, and VINION L. ROBINSON, JR.,

    Defendants.

Civil Action No.
1:19-CV-02915-SDG

## ORDER

This case comes before the Court on Plaintiff's Motion to Remand [ECF 11], Defendant Vinion Robinson's Motion for Summary Judgment [ECF 4], Plaintiff's Motion to Stay Adjudication of Defendant Robinson's Motion for Summary Judgment [ECF 5], Defendants' Motion to Strike or Disregard Affidavit of Andrew Hagenbush [ECF 19], and Defendants' Motion for Leave to File Sur-Reply regarding the same [ECF 20]. For the reasons stated below, Plaintiff's motion to remand is **DENIED WITHOUT PREJUDICE**, Defendant Robinson's motion for summary judgment is **DENIED WITHOUT PREJUDICE**, Plaintiff's motion to stay adjudication is **DENIED AS MOOT**, Defendants' motion to strike or disregard the affidavit is **GRANTED,** and Defendants' motion to file a sur-reply is **GRANTED**.

## I.    BACKGROUND

This matter stems from an incident at the Georgia World Congress Center ("GWCC") on April 6, 2018 [ECF 3]. According to the Amended Complaint, on the date of the incident Plaintiff was employed by Nth Degree [ECF 3, ¶ 8]. As part of her responsibilities for Nth Degree, she was helping Defendant SEW-Eurodrive's employees assemble a trade show booth at the GWCC [ECF 3, ¶ 10]. While working with the SEW-Eurodrive employees, Plaintiff helped construct a latticework structure [*id*.]. One of the specialized tools used in the construction was left on the structure when the structure was elevated to a height of at least ten feet [ECF 3, ¶ 14]. The tool then fell from its elevated height and hit Plaintiff on the head, causing her injuries [ECF 3, ¶ 16].

On July 11, 2018, Plaintiff filed a negligence action against Defendants SEW-Eurodrive, Inc.; Joseph Tetzel; William Huffstetler; and John Doe 1 through John Doe 3 in the State Court of Fulton County, Georgia [ECF 1-1]. Fulton County then granted Defendants' motion to transfer the action to Oconee County because (now former Defendant) Huffstetler, the only Defendant named in the original complaint who is a Georgia resident, lived in Oconee County [ECF 1, ¶ 7-9]. Plaintiff agreed to voluntarily dismiss Huffstetler from the case after depositions and affidavits demonstrated that Huffstetler could not be held liable for the

incident that led to this lawsuit [ECF 1, at 5-8; ECF 1-9; ECF 5, at 5]. Before Huffstetler was dismissed, Plaintiff filed the Amended Complaint naming Vinion Robinson as one of the John Doe defendants [ECF 3]. Defendant Robinson is also a Georgia resident [ECF 3, ¶ 6].

On June 25, 2019, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction under 28 U.S.C. § 1332 [ECF 1].[1] Defendants' removal was timely following Huffstetler's dismissal from the case. *See* 28 U.S.C. § 1446 (allowing removal within 30 days after case first becomes removable, as long as it has not been more than one year following commencement of the action). Defendants concede that 28 U.S.C. § 1332 requires complete

---

[1]    Defendants removed to the wrong district court. Section 1441 requires removal to the federal district court and division embracing the place where the matter is then-pending. 28 U.S.C. § 1441. Accordingly, this case should have been removed to the Athens Division of the Middle District of Georgia. 28 U.S.C. § 90(b)(1). Defendants assert that this Court is the more appropriate venue now that Huffstetler has been dismissed as a party [ECF 1-11, ¶ 39].

The Eleventh Circuit has held that Section 1441's geographical requirement is a waivable procedural defect "that does not deprive a district court of subject matter jurisdiction in a removed case." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997). The Court finds that Plaintiff waived this procedural defect because she has never raised the issue that Defendants removed the matter to the incorrect district court. However, the parties should be mindful that the appropriate procedure would have been to remove this case to the Middle District and then seek a transfer to this Court under 28 U.S.C. § 1404.

diversity of citizenship between the parties, which is not present here since Defendant Robinson and Plaintiff are both Georgia residents [ECF 1, ¶ 27]. However, Defendants claim that Robinson was fraudulently joined in order to prevent complete diversity and that the Court should therefore disregard his citizenship for purposes of diversity jurisdiction [ECF 1, ¶ 28].

On July 24, 2019, Plaintiff filed her Motion to Remand [ECF 11], arguing that the Court does not have diversity jurisdiction because Defendants have not shown that Robinson was fraudulently joined [ECF 11]. Defendants filed their opposition brief on August 2 [ECF 14]. On August 9, Plaintiff filed her reply [ECF 16]. On August 23, Defendants filed a Motion for Leave to File Sur-Reply [ECF 20] because, as Defendants point out, Plaintiff's reply brief raises new arguments.

On August 22, after the completion of primary briefing on the motion to remand, Plaintiff filed the Affidavit of Andrew Hagenbush [ECF 18], ostensibly to support her motion. The next day, Defendants objected and moved to strike or disregard the affidavit [ECF 19]. Plaintiff did not respond to Defendants' motion.

## II.   MOTION TO STRIKE OR DISREGARD AFFIDAVIT

The Court begins by addressing the pending motion to strike or disregard the Hagenbush affidavit, as the outcome of this motion determines the evidence before the Court on the pending motion to remand. As a preliminary matter, the

Court notes that motions to strike apply only to pleadings. Fed. R. Civ. P. 12(f). Therefore, the Court will consider Defendants' motion as a motion to disregard the affidavit and grant it. *See Exceptional Mktg. Grp., Inc. v. Jones*, 749 F. Supp. 2d 1352, 1358 (N.D. Ga. 2010).

In order to understand the Court's decision to disregard the Hagenbush affidavit, some discussion of the arguments made by the parties about remand is necessary. The motion to remand alleges that removal based on fraudulent joinder is premature because Plaintiff has not had the opportunity to depose Defendant Robinson and, thereby, gather evidence of his involvement in the incident [ECF 11, at 2]. However, before Defendants filed their opposition to removal, Defendant Robinson was deposed [ECF 14, at 2 n.1]. That deposition testimony and a prior affidavit submitted by Defendants state that Robinson was not present at the convention on the date of the accident and he was not involved in the construction of the booth or oversight thereof [ECF 14-1, ¶¶ 4, 5; ECF 21, lns. 20:20, 31:19–21]. Plaintiff's reply in support of remand alludes to the fact that Defendant Robinson was recently deposed [ECF 16, at 3]. She then modifies the argument made in her opening brief (*i.e.*, seeking time to depose Robinson) to requesting more time to

conduct discovery in order to rebut Defendant Robinson's deposition testimony [ECF 16, at 3].[2]

Neither the original remand motion nor Plaintiff's reply brief mention the possibility of providing additional affidavits to support Plaintiff's claims against Robinson. Nevertheless, thirteen days after Plaintiff submitted her reply brief, Plaintiff's counsel filed an affidavit in which he himself is the affiant [ECF 18]. The affidavit attests that counsel had spoken to Lee-Micah Alexander, a witness who claims that he saw Defendant Robinson at the construction site on the date of Plaintiff's accident [ECF 18; ECF 18-1]. Notably, during her deposition, Plaintiff stated that Alexander is her boyfriend and they live together [ECF 1-5]. Defendants' motion to disregard the affidavit argues that the affidavit should not be considered by the Court because it was untimely filed and consists of inadmissible hearsay [ECF 19, at 2]. Plaintiff did not respond to the motion to disregard.

As indicated above, the Court agrees with Defendants that the Hagenbush affidavit should be disregarded. First, the affidavit was untimely and improper.

---

[2]   The Court agrees with Defendants that Plaintiff's reply brief presents a new argument. Therefore, the Court **GRANTS** Defendants' motion for leave to file a sur-reply [ECF 20].

Plaintiff did not file it with her original motion or her reply brief. Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served *with* the motion.") (emphasis added). Moreover, the affidavit was filed 20 days after Defendants filed their response. It was therefore filed six days after the deadline for Plaintiff's reply. LR 7.1(C), NDGa ("[T]he reply must be served not later than fourteen (14) days after service of the responsive pleading."). Nor did Plaintiff seek leave of Court to file the affidavit or provide any excusable explanation for her failure to timely file the affidavit. Fed. R. Civ. P. 6(b) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Therefore, the Court concludes that the affidavit was untimely and improperly filed.

Second, the affidavit contains inadmissible hearsay. Hearsay is a statement made by the declarant, not while testifying at the current trial or hearing, that is offered into evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is generally inadmissible. Fed. R. Evid. 802. While there are many hearsay exceptions, Plaintiff has not suggested that there is any applicable exception here as she failed to respond to Defendants' motion to disregard the affidavit. Plaintiff has not shown why it would be appropriate for the Court to consider the affidavit. Additionally, given that Alexander was likely subject to Plaintiff's control, it is

unclear why Plaintiff's counsel served as the affiant instead of Alexander, when counsel did not have personal knowledge of the underlying facts. Fed. R. Evid. 602 (requiring testifying witnesses to have personal knowledge of the matter); *see also Exceptional Marketing*, 749 F. Supp. 2d at 1358 (declaration may only be considered to extent it is based on personal knowledge). While Plaintiff's counsel has personal knowledge of what Alexander told him, he lacks personal knowledge of what Alexander saw on the day in question.

For all of the reasons stated above, the Court **GRANTS** Defendants' motion to disregard the affidavit [ECF 19].

## III.   MOTION TO REMAND

### a.   Legal Standard

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction. District courts have original jurisdiction over all civil actions arising under the United States Constitution, as well as its laws and treaties (*i.e.*, federal question jurisdiction). 28 U.S.C. § 1331. Additionally, district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity—"[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). However, defendants may remove actions where complete diversity does *not* exist *if* they can show that the resident defendant was fraudulently joined. The doctrine of fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11thCir. 2006). When this occurs, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.*

The removing party bears the "heavy burden" of establishing fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). It must prove "by clear and convincing evidence 'that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal,

supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

While the review standard is "*similar* to that used for ruling on a motion for summary judgment" because the Court can examine evidence beyond the pleadings, it is not the same standard:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court could find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citation omitted; emphasis added). Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

Similarly, all questions of fact must be resolved in the plaintiff's favor. *Legg v. Wyeth,* 428 F.3d 1317, 1323 (11th Cir. 2005).[3] However, "there must be some

---

[3]   The Court rejects Plaintiff's argument that the analytical framework set out in *Legg* misapplies precedent and should not be relied on [ECF 16, at 2-3]. *Legg* follows the reasoning laid out in *Crowe* that allows courts to consider affidavits and deposition transcripts submitted by the parties. Further, the Eleventh Circuit and this Court have continued to follow the standard for fraudulent joinder claims as set forth in *Legg. See, e.g., Shannon v. Albertelli Firm, P.C.,* 610

question of fact before the district court can resolve that fact in the plaintiff's favor." *Id*. In other words, when the defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, "the court cannot then resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [p]laintiff['s] complaint." *Id*. Rather, the plaintiff generally must come forward with some evidence to dispute the sworn testimony submitted by the defendant. *Shannon*, 610 F. App'x at 871 (citing *Legg*, 428 F.3d at 1323–25). In fact, a court can abuse its discretion by failing to consider proper sworn testimony by either party when resolving a question of fraudulent joinder. *Shannon*, 610 F. App'x at 871 (citing *Legg*, 428 F.3d at 1323).

### b.   ANALYSIS

Defendants assert that Robinson was fraudulently joined because Plaintiff cannot establish even the possibility of a claim for relief against him [ECF 1, ¶ 30]. In order to determine whether Plaintiff has raised a possible negligence claim against Defendant Robinson, the Court must evaluate the claim under state law. *Crowe*, 113 F.3d at 1539.

---

F. App'x 866, 871 (11th Cir. 2015); *Samuels v. CSX Transp., Inc.*, No. 1:08-cv-0223, 2008 WL 11333528, at *3 (N.D. Ga. May 12, 2008); *In re Conagra Peanut Butter Prods. Liab. Litig.*, No. 1:07-CV-2096, MDL No. 1:07-MD-1845, 2008 WL 953023, at *2 (N.D. Ga. Apr. 8, 2008).

In Georgia, when a corporate agent commits a tort, the injured person can sue "the individual agent, seeking to establish the agent's personal liability for the damages, or the corporation, seeking to establish its vicarious liability for the torts of its agent," or both. *Smith v. Hawks*, 182 Ga. App. 379, 384 (1987). When it comes to the personal liability of a corporate officer, the Georgia Court of Appeals has stated:

> The general rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein.

*Beasley v. A Better Gas Co.,* 269 Ga. App. 426, 429 (2004) (quoting *Cherry v. Ward*, 204 Ga. App. 833, 834 (1992)). Further, "one who merely occupies the capacity of a corporate officer cannot be held to be vicariously liable for such damages as would otherwise be recoverable from his corporate principal." *Smith*, 182 Ga. App. at 384–85.

Accordingly, Defendant Robinson cannot be held personally liable solely based on his managerial role with SEW-Eurodrive. He can only be personally liable for "such tortious acts as he personally committed or specifically directed to

be done." *Id.* at 385. In other words, Defendant Robinson must have either had a direct role in the incident or specifically directed the alleged tortious acts to occur.

The tortious acts alleged in the Amended Complaint are: leaving the tool on the latticework while the structure was being raised; failing to adequately inspect the latticework; and failing to provide safety equipment to Plaintiff [ECF 3]. The Amended Complaint specifically asserts that Defendant Tetzel, *not* Defendant Robinson, was responsible for distributing safety equipment [ECF 3, ¶ 12]. Thus, Robinson can only be found liable if he (1) personally left the tool on the latticework before it was raised; or (2) inspected (or had a duty to inspect) the latticework. The Court will address both theories of liability in turn.

### i.     Responsibility for Leaving the Tool on the Latticework

As to Defendant Robinson's direct liability, Plaintiff does not allege that he had a personal role in the incident. In the Amended Complaint, Plaintiff asserts that "an individual" left the tool on the latticework [ECF 3, ¶ 14]; she does not state that Robinson or any of the other individual defendants left the tool on the latticework. Moreover, even if Plaintiff's general assertions in the Amended Complaint are read as sufficiently alleging that Defendant Robinson had a personal role in the incident, Plaintiff has not presented any evidence to counter Defendants' evidence that Robinson did not have a personal role in the incident.

In his sworn testimony, Robinson stated that he was not present for the setup or construction of the subject booth at the GWCC [ECF 14-1, ¶ 5; ECF 21, lns: 38:21–39:17], nor has he ever assisted in assembling a booth of that magnitude [ECF 21, lns. 20:17–24].

### ii.    Failure to Inspect

As to a failure to adequately inspect, Plaintiff has not provided any evidence that Defendant Robinson inspected, or had a duty to inspect, the latticework at issue. Plaintiff's Amended Complaint specifically alleges that Defendant Tetzel, not Robinson, was responsible for "overseeing, managing, and inspecting the assembly of the lattice-work structure for the tradeshow booth." [ECF 3, ¶ 12.] In contrast, Defendant Robinson has provided evidence that he was not responsible for inspecting the latticework. During his deposition, he testified that he was not involved in the setup, design, or oversight of SEW-Eurodrive's booth at the GWCC [ECF 21, lns: 38:21-39:17]. His affidavit similarly states that he "did not play any role in the design, assembly, or installation of the booth . . . nor did [he] supervise the assembly of the booth." [ECF 14-1, ¶ 5.] Furthermore, Defendant Robinson testified that he is an Industry Account Manager for SEW-Eurodrive [ECF 21, lns. 11:23]. As part of that role, his job at trade shows is to network with customers;

he has had very little involvement in the construction of trade show booths throughout his career [ECF 21, lns. 15:8–10; 20:17–23].

Plaintiff has not submitted any competent evidence that contradicts Defendant Robinson's sworn statements. Instead, she incorrectly relies on the premise that all that is required of her at this point is to state a valid claim against Robinson. To the extent that Plaintiff argues the standard of review applicable to a motion to remand is the same as the standard for evaluating a motion to dismiss, she is incorrect. As explained *supra*, the Court may look to affidavits and depositions submitted by the parties when ruling on a motion to remand. Further, when a defendant provides such evidence, the plaintiff must come forward with some evidence to dispute the defendant's testimony. Here, Defendants presented evidence that Robinson was not present on the date of the incident and had no responsibility for overseeing or inspecting the construction of the booth. Plaintiff has not provided any contradictory evidence. Therefore, Plaintiff has failed to show even the possibility that Defendant Robinson could be found personally liable for negligence under Georgia law.

For the reasons stated above, the Court concludes that Defendant Robinson was fraudulently joined. Therefore, his residence will be ignored for purposes of establishing federal jurisdiction. As a result, there is complete diversity between

the other Defendants and the Plaintiff, giving the Court jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

The Court will, however, deny Defendant Robinson's motion for summary judgment without prejudice, to permit the parties time to complete discovery. At the close of discovery, Defendant Robinson may file a renewed motion for summary judgment if appropriate. Likewise, Plaintiff may file a renewed motion to remand if appropriate. The parties shall follow the briefing deadlines as set forth by the Court's Scheduling Order [ECF 15] and the Local Rules.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Remand [ECF 11] is **DENIED WITHOUT PREJUDICE**; Defendant Robinson's Motion for Summary Judgment [ECF 4] is **DENIED WITHOUT PREJUDICE;** Plaintiff's Motion to Stay Adjudication of Defendant Robinson's Motion for Summary Judgment [ECF 5] is **DENIED AS MOOT**; Defendant's Motion to Strike or Disregard Affidavit of Andrew Hagenbush [ECF 19] is **GRANTED**; and Defendant's Motion for Leave to File Sur-Reply [ECF 20] is **GRANTED**.

The Clerk is **DIRECTED** to separately file on the docket as a new entry Defendants' sur-reply [ECF 20-1].

    **SO ORDERED** this the 15th day of November 2019.

                                     _____
                                          Steven D. Grimberg
                              United States District Court Judge