# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIFFANY SNADON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:19-cv-02915-SDG |
| SEW-EURODRIVE, INC., | ) |
| JOSEPH TETZEL, | ) |
| JOHN DOE 1 through JOHN DOE 3, | ) |
| and VINION L. ROBINSON, JR., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S AND DEFENDANTS' JOINT MOTION TO RE-OPEN DISCOVERY AND ADOPT REVISED SCHEDULING ORDER

Plaintiff Tiffany Snadon and Defendants SEW-Eurodrive, Inc., Joseph Tetzel, and Vinion L. Robinson, Jr. respectfully file this joint motion to reopen and extend the discovery period in this case. The parties have been working diligently and cooperatively to complete all fact and expert discovery, and they have tentatively scheduled several additional out-of-state depositions. The parties acknowledge receipt of the Court's February 7, 2020, order, and jointly apologize for having overlooked the Court's prior deadline to submit a proposed consolidated pretrial order per Local Rule 16.4. The parties respectfully submit that they can complete all fact discovery within the next 45 days. Thereafter, Defendants intend

to file a motion for summary judgment as to all of Plaintiff's claims, and they intend to promptly file that motion within 30 days after the close of any extended discovery period the Court is willing to permit. The parties have attached a joint proposed scheduling order for the Court's consideration.

## I. Grounds to Re-Open Discovery and Adopt Revised Scheduling Order

Per Rule 16(b)(4), the Court may modify its scheduling order for good cause and with the judge's consent.[1] To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence.[2]

Here, the parties respectfully submit that, after Defendants removed this personal-injury action, the parties have worked cooperatively to complete discovery in a timely manner within the original 4-month discovery period. Even so, Plaintiff recently determined that she wished to depose additional representatives of Defendant SEW, as well as SEW's 30(b)(6) corporate representative, and Defendants have consented to making its witnesses available in South Carolina. Because the parties' counsel have appeared on multiple trial

---

[1] Fed. R. Civ. P. 16(b)(4).

[2] *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

2

calendars over the past several months – in fact, all counsel had recently been preparing for separate trials during the week of February 24 – and due to holiday schedules, out-of-town travel difficulties, and other scheduling issues involving counsel and Defendants' representatives, the parties were unable to schedule those depositions within the initial discovery period. The parties are confident that they will be able to complete those depositions, as well as all other fact discovery, within a 45-day extended discovery period. The parties respectfully request additional time to schedule and complete the necessary depositions.

Following the close of any extended discovery period the Court may permit, Defendants respectfully submit that they intend to file a motion for summary judgment. The parties respectfully request additional time to complete all discovery before filing any potentially dispositive motions. Defendants previously filed two separate motions for summary judgment on behalf of individual Defendants Vinion Robinson and William Huffstetler, and Mr. Robinson's motion remains pending. The parties have attached a proposed amended scheduling order for the Court's consideration.

## II. Conclusion

The parties again apologize to the Court for neglecting to complete discovery within the Court's original 4-month discovery period, but respectfully submit that the requested relief is both warranted and necessary to permit them to fully and fairly litigate this matter to its conclusion. Accordingly, the parties respectfully request that the Court revisit its scheduling order to permit additional necessary depositions and the filing of dispositive motions. A proposed scheduling order granting the requested relief is attached to this motion as Exhibit A.

This 27th day of February, 2020.

| | |
|---|---|
| **DREW ECKL & FARNHAM, LLP** | **MORGAN & MORGAN ATLANTA, PLLC** |
| /s/ *Andrew D. Horowitz* | /s/ *Christopher J. Graddock* |
| Andrew D. Horowitz | Christopher J. Graddock |
| Georgia Bar No. 367815 | Georgia Bar No. 304020 |
| 303 Peachtree Street, N.E. | Andrew L. Hagenbush |
| Suite 3500 | Georgia Bar No. 127945 |
| Atlanta, Georgia 30308 | PO Box 57007 |
| (404) 885-1400 | Atlanta, Georgia 30343 |
| ***Attorney for Defendants*** | (404) 965-8811 |
| | ***Attorneys for Plaintiff*** |
| | *[with express permission by Andrew D. Horowitz]* |

## CERTIFICATE OF FONT COMPLIANCE

*Plaintiff's and Defendants' Joint Motion to Re-Open Discovery and Adopt Revised Scheduling Order* has been prepared with one of the font and point selections approved by the Court in LR 5.1(b): Times New Roman (14 point).

## CERTIFICATE OF SERVICE

Today I served a copy of *Plaintiff's and Defendants' Joint Motion to Re-Open Discovery and Adopt Revised Scheduling Order* upon all parties by electronically filing it with the Clerk of Court using the Electronic CM/ECF System, addressed as follows:

>Christopher J. Graddock, Esq.
>Keenan R. S. Nix, Esq.
>Andrew L. Hagenbush, Esq.
>Morgan & Morgan Atlanta, PLLC
>Post Office Box 57007
>Atlanta, Georgia 30343-1007
>cgraddock@forthepeople.com
>knix@forthepeople.com
>ahagenbush@forthepeople.com

This 27th day of February, 2020.

3O3 Peachtree Street N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
ahorowitz@deflaw.com

9576205/1
05769-134134

**DREW ECKL & FARNHAM, LLP**

*/s/ Andrew D. Horowitz*
Andrew D. Horowitz
Georgia Bar No. 367815
***Attorney for Defendants***